### In re KELLETT AIRCRAFT CORPORATION.

#### No. 22616.

United States District Court
E. D. Pennsylvania.

Aug. 11, 1949.

See also 77 F.Supp. 959.

Robert S. Ingersoll, Jr., Philadelphia, Pa., for Kellett Aircraft Corp.

I. Emanuel Sauder, Philadelphia, Pa., for claimant Belfield.

McGRANERY, District Judge.

William Belfield filed a proof of claim against the Kellett Aircraft Corporation, in reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., for alleged unpaid overtime compensation, liquidated damages and a reasonable attorney's fee, pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b). Hearings were held before a Special Master, and upon the termination of the hearings the debtor moved to dismiss the claim for lack of jurisdiction under Section 2(d) of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq. The Special Master filed a Report in which he recommends that the petition to dismiss be denied, and the debtor appeals.

Section 2(d) of the Portal to Portal Act withdraws from United States Courts jurisdiction of any action or proceeding to enforce liability on account of the failure of an employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act, to the extent that such action seeks to enforce any liability with respect to an activity not compensable under subsections (a) and (b) of Section 2. Subsection 2(a) provides that no employer shall be subject to any liability on account of his failure to pay minimum wages or overtime compensation for any activity except an activity which was compensable either by (1) an express provision of a written or nonwritten contract in effect at the time of such activity or (2) a custom or practice in effect at such time.

The Master found that no custom or practice had been established, but that the requirements of Section 2(a) (1) had been met, in that there existed a "non-written contract" for the performance of the services in question, which embrace pre-shift, lunch-time and post-shift activities.

The only issue here involved is whether the Special Master's findings are "clearly erroneous." Rule 53(e) (2) Federal Rules of Civil Procedure, 28 U.S.C.A. The Master found that the claimant was employed regularly to work at a certain rate per hour during his shift, and that whenever the superintendent instructed him to do certain work outside the hours of his regular shift, he did as he was ordered, there being in existence expressly established overtime rates. There were an offer, an acceptance and express terms, thus establishing the elements of an express non-written contract. It cannot be significant that the Master did not use the statutory language of an "express provision of a * * * non-written contract," concerning the work in question, when his finding that there was an "express non-written contract" concerning that work has precisely the same meaning: that the work was performed under express contractual provision. While the Master's findings may, perhaps,

be subject to some disagreement, it cannot be said that they are clearly erroneous. Accordingly, the Special Master's recommendation, that the petition to dismiss be denied, will be affirmed.